UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JASON BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 1:24-CV-224-CLC-SKL ) |
| CHRISTY FRASIER, NURSE JULIE, SULLIVAN COUNTY JAIL, JEFF CASSIDY, and RICHARD S. VENABLE, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

On September 6, 2024, this Court entered an Order providing Plaintiff with fourteen (14) days within which to file "an amended complaint setting forth the specific facts that might support a finding that one or more individuals were deliberately indifferent to his serious medical needs" [Doc. 6 p. 8, 9]. That deadline has passed, and Plaintiff has not complied with the Order or otherwise communicated with the Court.

"It is the duty of any party not represented by counsel . . . to monitor the progress of the case, and to prosecute or defend the action diligently." E.D. Tenn. L.R. 83.13. Federal Rule of Civil Procedure 41(b) gives the Court authority to dismiss a case for failure "to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v.*

*Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Applying these rules compels the Court to dismiss this action. Plaintiff has willfully failed to comply with the Local Rule 83.13 and the Court's prior Order. The Court explicitly warned Plaintiff that failure to comply with the Order would result in the dismissal of this action [Doc. 6 p. 9]. And since the Court found Plaintiff's original complaint failed to state a claim for relief and Plaintiff has failed to file an amended complaint, there are no colorable claims before the Court for consideration.

"[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order to file an amended complaint if he wished to further pursue this action.

Accordingly, the Court will **DISMISS** this action without prejudice for failure to state a claim and for failure to prosecute and comply with an order of the Court pursuant to Rule 41(b).

Finally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**